United States Bankruptcy Court

Middle District of Pennsylvania

In re:  
David Allen McVicker, Sr  
Stephanie Ann McVicker  
    Debtors

Case No. 22-01888-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1      User: AutoDocke      Page 1 of 5  
Date Rcvd: Nov 04, 2022      Form ID: pdf002      Total Noticed: 80

The following symbols are used throughout this certificate:  
**Symbol**    **Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++    Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4).

^    Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 06, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | David Allen McVicker, Sr, Stephanie Ann McVicker, 214A John Street, Hanover, PA 17331-3351 |
| 5498605 | + | ALL AMERIDREAM RENTALS, 300 BALTIMORE STREET, HANOVER, PA 17331-3239 |
| 5498610 | + | BIOTEL HEART CARDIONET LLC, PO BOX 508, MALVERN, PA 19355-0508 |
| 5498611 | + | CAC COMMERCIAL ACCEPTANCE CORP, 2300 GETTYSBURG RD, STE 102, CAMP HILL, PA 17011-7303 |
| 5498614 | + | CAPITAL WEST FINANCE INC, 4028 HANOVER PIKE, MANCHESTER, MD 21102-1440 |
| 5498615 | + | CKS PRIME INC, PO BOX 2856, CHESAPEAKE, VA 23327-2856 |
| 5498616 | + | COLUMBIA GAS OF PA BANKRUPTCY NOTICES, REVENUE RECOVERY, 290 W NATIONWIDE BLVD, COLUMBUS, OH 43215-2561 |
| 5498629 | + | EASTERN REVENUE, 601 DRESHER RD STE 301, HORSHAM, PA 19044-2238 |
| 5498634 | + | HACC, ONE HACC DRIVE, HARRISBURG, PA 17110-2999 |
| 5498635 | + | HANOVER AREA FIRE & RESCUE COMMISSION, PO BOX 726, NEW CUMBERLAND, PA 17070-0726 |
| 5498640 | | LOCL 1776 CU, 3031 WALTON ROAD, NORRISTOWN, PA 19401 |
| 5498641 | + | LORI NEIDERER, 32 LEXINGTON DRIVE, HANOVER, PA 17331-8657 |
| 5498643 | + | MARY HOLLINGSWORTH, 1327 NORTH MAIN STREET, HAMPSTEAD, MD 21074-2238 |
| 5498645 | ++ | MET ED FIRST ENERGY, 101 CRAWFORD CORNER RD, BLDG 1 SUITE 1-511, HOLMDEL NJ 07733-1976 address filed with court:, MET ED, PO BOX 16001, READING PA 19612 |
| 5502412 | + | Metropolitan Edison Company, 101 Crawford's Corner Road, Building 1 Suite 1-511, Holmdel, NJ 07733-1976 |
| 5498652 | + | PENN TOWNSHIP SEWER DEPARTMENT, 20 WAYNE AVENUE, HANOVER, PA 17331-3313 |
| 5498656 | | PROGRESSIVE INSURANCE, 5165 CHAMPUS DR, STE 100, PLYMOUTH MEETING, PA 19462-1639 |
| 5498657 | + | RANDRECOVERY, PO BOX 21575, PIKESVILLE, MD 21282-1575 |
| 5498659 | + | SNAP FINANCE, 1760 W 2100 S #26561, SALT LAKE CITY, UT 84199-9995 |
| 5498661 | + | SPRINT PART OF TMOBILE, CUSTMOMER SERVICE, PO BOX 629023, EL DORADO HILLS, CA 95762-9023 |
| 5498662 | + | STATE OF MARYLAND, CENTRAL COLLECTION UNIT, 5TH FLOOR CERTIFICATIONS, 300 WEST PRESTON STREET, BALTIMORE, MD 21201-2307 |
| 5499233 | | U.S. Department of Housing and Urban Development, 11th Floor 100 Penn Square East, Philadelphia, PA 19107 |
| 5498667 | ++ | UGI UTILITIES INC, ATTN CREDIT & COLLECTIONS, P O BOX 13009, READING PA 19612-3009 address filed with court:, UGI CORP, 225 MORGANTOWN RD, READING, PA 19611 |
| 5498670 | + | USDOE/GLELSI, PO BOX 16448, SAINT PAUL, MN 55116-0448 |

TOTAL: 24

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: rmscedi@recoverycorp.com | Nov 04 2022 18:54:13 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5498604 | | Email/Text: EBNProcessing@afni.com | Nov 04 2022 18:46:00 | AFNI INC, 404 BROCK DRIVE, PO BOX 3097, BLOOMINGTON, IL 61702-3097 |
| 5498606 | ^ | MEBN | Nov 04 2022 18:42:28 | ARS, 1643 NW 136TH AVENUE, SUNRISE, FL 33323-2857 |
| 5498607 | + | Email/Text: g17768@att.com | Nov 04 2022 18:46:00 | AT&T - BANKRUPTCY, 4331 COMMUNICATIONS DR, FIR 4W, DALLAS, TX 75211-1300 |

| Recipient ID | | Notice Method | Date/Time | Recipient |
| --- | --- | --- | --- | --- |
| 5498608 | + | Email/Text: g20956@att.com | Nov 04 2022 18:46:00 | AT&T MOBILITY, 15901 E SKELLY DRIVE (PHILA), TULSA, OK 74116-2809 |
| 5498609 | | Email/Text: bankruptcy@bbandt.com | Nov 04 2022 18:46:00 | BB&T, BANKRUPTCY SECTION, PO BOX 1847, WILSON, NC 27894 |
| 5498612 | + | Email/Text: caineweiner@ebn.phinsolutions.com | Nov 04 2022 18:46:00 | CAINE & WEINER, 1699 E WOODFIELD ROAD, SCHAUMBURG, IL 60173-4935 |
| 5498613 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Nov 04 2022 18:54:03 | CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p, PO BOX 30285, SALT LAKE CITY, UT 84130-0285 |
| 5498617 | + | Email/Text: documentfiling@lciinc.com | Nov 04 2022 18:46:00 | COMCAST CABLE (BK Notices), 676 ISLAND POND ROAD, MANCHESTER, NH 03109-4840 |
| 5498618 | | Email/Text: dylan.succa@commercialacceptance.net | Nov 04 2022 18:46:00 | COML ACCEPT, 2300 GETTYSBURG RD, STE 102, CAMP HILL, PA 17011-7303 |
| 5498619 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Nov 04 2022 18:46:00 | COMM OF PA DEPT OF REVENUE, BUREAU OF COMPLIANCE, PO BOX 280946, HARRISBURG, PA 17128-0946 |
| 5498620 | | Email/Text: commonwealth@ebn.phinsolutions.com | Nov 04 2022 18:46:00 | COMMONWEALTH FINANCIAL SYSTEMS INC, BK NOTICES, 245 MAIN STREET, DICKSON CITY, PA 18519-1641 |
| 5498621 | | Email/Text: cfcbackoffice@contfinco.com | Nov 04 2022 18:46:00 | CONTINENTAL, 121 CONTINENTAL DR, NEWARK, DE 19713 |
| 5498666 | | Email/Text: cfcbackoffice@contfinco.com | Nov 04 2022 18:46:00 | TBOM/CONTFIN, PO BOX 8099, NEWARK, DE 19714 |
| 5498622 | + | Email/Text: convergent@ebn.phinsolutions.com | Nov 04 2022 18:46:00 | CONVERGENT OUTSOURCING INC, 800 SW 39TH STREET, PO BOX 9004, RENTON, WA 98057-9004 |
| 5498623 | + | Email/Text: ccusa@ccuhome.com | Nov 04 2022 18:46:00 | CR COLL/USA, 256 GREENBAG ROAD STE 1, MORGANTOWN, WV 26501-7158 |
| 5498624 | + | Email/Text: ebnnotifications@creditacceptance.com | Nov 04 2022 18:46:00 | CREDIT ACCEPTANCE, 25505 W 12 MILE ROAD, STE 3000, SOUTHFIELD, MI 48034-8331 |
| 5498625 | + | Email/Text: EBN@thecmigroup.com | Nov 04 2022 18:46:00 | CREDIT MANAGEMENT LP, 6080 TENNYSON PKWY, STE 100, PLANO, TX 75024-6002 |
| 5498626 | | Email/PDF: creditonebknotifications@resurgent.com | Nov 04 2022 18:54:13 | CREDITONE BANK, CUSTOMER BILLING AND CORRESPONDENCE, PO BOX 98873, LAS VEGAS, NV 89193-8873 |
| 5498668 | | Email/Text: ra-li-occ-esbkpt-hbg@pa.gov | Nov 04 2022 18:46:00 | UNEMP COMP OVERPAYMENT MATTERS, DEPT OF L&I - OFFICE OF CHIEF COUNSEL, 651 BOAS STREET 10TH FLOOR, HARRISBURG, PA 17121 |
| 5498627 | + | Email/Text: Bankruptcy.Consumer@dish.com | Nov 04 2022 18:46:00 | DISH NETWORK, BANKRUPTCY DEPT, PO BOX 9033, LITTLETON, CO 80160-9033 |
| 5498628 | + | Email/Text: bankruptcynotices@dcicollect.com | Nov 04 2022 18:46:00 | DIVERSIFIED, PO BOX 551268, JACKSONVILLE, FL 32255-1268 |
| 5498630 | | Email/Text: operationsclerk@easypayfinance.com | Nov 04 2022 18:46:00 | EASYPAY/DVRA, 2701 LOKER AVE WEST, CARLSBAD, CA 92008 |
| 5498632 | + | Email/Text: bknotice@ercbpo.com | Nov 04 2022 18:46:00 | ERC, CORRESPONDENCE, PO BOX 57547, JACKSONVILLE, FL 32241-7547 |
| 5498631 | + | Email/Text: bknotice@ercbpo.com | Nov 04 2022 18:46:00 | ERC, PO BOX 57547, JACKSONVILLE, FL 32241-7547 |
| 5498633 | | Email/PDF: ais.fpc.ebn@aisinfo.com | Nov 04 2022 18:54:12 | FIRST PREMIER BANK, 3820 N LOUISE AVENUE, SIOUX FALLS SD 57107-0145 |
| 5498636 | | Email/Text: sbse.cio.bnc.mail@irs.gov | | |

| Recipient ID | Delivery Method | Date/Time | Recipient |
|---|---|---|---|
| | | Nov 04 2022 18:46:00 | INTERNAL REVENUE SERVICE - CIO, PO BOX 7346, PHILADELPHIA, PA 19101-7346 |
| 5498637 | Email/Text: JCAP_BNC_Notices@jcap.com | Nov 04 2022 18:46:00 | JEFFCAPSYS, 16 MCLELAND RD, SAINT CLOUD, MN 56303 |
| 5498638 | Email/PDF: ais.chase.ebn@aisinfo.com | Nov 04 2022 18:54:02 | JPMCB CARD, PO BOX 15369, WILMINGTON, DE 19850 |
| 5498639 | ^ MEBN | Nov 04 2022 18:42:52 | KML LAW GROUP PC, SUITE 5000 - BNY INDEPENDENCE CENTER, 701 MARKET STREET, PHILADELPHIA, PA 19106-1541 |
| 5498642 | Email/Text: camanagement@mtb.com | Nov 04 2022 18:46:00 | M&T BANK, 1100 WEHRLE DRIVE, WILLIAMSVILLE, NY 14221 |
| 5498644 | + Email/Text: unger@members1st.org | Nov 04 2022 18:46:00 | MEMBERS 1ST FCU, 5000 LOUISE DR, PO BOX 40, MECHANICSBURG, PA 17055-0040 |
| 5498647 | + Email/Text: bankruptcydpt@mcmcg.com | Nov 04 2022 18:46:00 | MIDLAND CREDIT MANAGEMENT INC, BK NOTICES, 350 CAMINO DE LA REINA, STE 100, SAN DIEGO, CA 92108-3007 |
| 5498646 | + Email/Text: bankruptcydpt@mcmcg.com | Nov 04 2022 18:46:00 | MIDLAND CREDIT MANAGEMENT INC, BK NOTICES, 320 EAST BIG BEAVER, STE 300, TROY, MI 48083-1271 |
| 5498648 | + Email/Text: bankruptcydpt@mcmcg.com | Nov 04 2022 18:46:00 | MIDLAND FUNDING LLC, 2365 NORTHSIDE DR STE 300, SAN DIEGO, CA 92108-2710 |
| 5504445 | + Email/Text: bankruptcydpt@mcmcg.com | Nov 04 2022 18:46:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
| 5504739 | Email/Text: nsm_bk_notices@mrcooper.com | Nov 04 2022 18:46:00 | Nationstar Mortgage LLC, P.O. Box 619096, Dallas, TX 75261-9741 |
| 5498649 | + Email/Text: nsm_bk_notices@mrcooper.com | Nov 04 2022 18:46:00 | NATIONSTAR/MR COOPER, 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067-4488 |
| 5498650 | Email/PDF: cbp@onemainfinancial.com | Nov 04 2022 18:54:20 | ONEMAIN FINANCIAL ATTN: BK NOTICES, PO BOX 3251, EVANSVILLE, IN 47731-3251 |
| 5498651 | + Email/Text: bankruptcy@onlineis.com | Nov 04 2022 18:46:00 | ONLINE IN SV, PO BOX 1489, WINTERVILLE, NC 28590-1489 |
| 5498723 | + Email/PDF: rmscedi@recoverycorp.com | Nov 04 2022 18:54:22 | Orion, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5498653 | Email/Text: info@phoenixfinancialsvcs.com | Nov 04 2022 18:46:00 | PHNX FINAN, 8902 OTIS AVENUE, INDIANAPOLIS, IN 46216 |
| 5498654 | Email/Text: Bankruptcy.Notices@pnc.com | Nov 04 2022 18:46:00 | PNC BANK, 2730 LIBERTY AVENUE, PITTSBURGH, PA 15222 |
| 5498655 | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Nov 04 2022 18:54:04 | PORTFOLIO RECOVERY ASSOCIATES LLC, BK NOTICES, PO BOX 41067, NORFOLK, VA 23541 |
| 5501258 | Email/Text: RVSVCBICNOTICE1@state.pa.us | Nov 04 2022 18:46:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO Box 280946, Harrisburg, Pa. 17128-0946 |
| 5504059 | + Email/Text: JCAP_BNC_Notices@jcap.com | Nov 04 2022 18:46:00 | Premier Bankcard, LLC, Jefferson Capital Systems LLC Assignee, Po Box 7999, Saint Cloud MN 56302-7999 |
| 5498658 | Email/Text: enotifications@santanderconsumerusa.com | Nov 04 2022 18:46:00 | SANTANDER CONSUMER USA, BANKRUPTCY DEPARTMENT, PO BOX 560284, DALLAS, TX 75356-0284 |
| 5498660 | Email/PDF: ais.sprint.ebn@aisinfo.com | Nov 04 2022 18:54:20 | SPRINT BANKRUPTCY, PO BOX 7949, OVERLAND PARK, KS 66207 |
| 5498663 | + Email/Text: bankruptcy@sw-credit.com | Nov 04 2022 18:46:00 | SW CREDIT SYS, 4120 INTERNATIONAL PKWY STE 1100, CARROLLTON, TX 75007-1958 |

| | | | | |
| --- | --- | --- | --- | --- |
| 5498664 | + | Email/PDF: gecsedi@recoverycorp.com | Nov 04 2022 18:54:13 | SYNCB/WALMART, PO BOX 965024, ORLANDO, FL 32896-5024 |
| 5501376 | | Email/PDF: ebn_ais@aisinfo.com | Nov 04 2022 18:54:06 | Sprint Corp., by American InfoSource as agent, PO Box 4457, Houston, TX 77210-4457 |
| 5498665 | | Email/PDF: ais.tmobile.ebn@aisinfo.com | Nov 04 2022 18:54:02 | T-MOBILE BANKRUPTCY DEPT, PO BOX 37380, ALBUQUERQUE, NM 87176 |
| 5498669 | + | Email/Text: ra-li-occ-esbkpt-hbg@pa.gov | Nov 04 2022 18:46:00 | UNEMPL COMP TAX MATTERS, HARRISBURG CASES L&I OFF CHIEF COUNSEL, 651 BOAS STREET 10TH FLOOR, HARRISBURG, PA 17121-0751 |
| 5502892 | | Email/Text: Great_Lakes_EBN_Docs@nelnet.net | Nov 04 2022 18:46:00 | UNITED STATES DEPARTMENT OF EDUCATION, CLAIMS FILING UNIT, PO BOX 8973, MADISON WI 53708-8973 |
| 5498671 | | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Nov 04 2022 18:46:00 | VERIZON BANKRUPTCY DEPT, 500 TECHNOLOGY DR, STE 550, SAINT CHARLES, MO 63304-2225 |
| 5498672 | | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Nov 04 2022 18:46:00 | VERIZON WIRELESS, 500 TECHNOLOGY DR, STE 550, SAINT CHARLES, MO 63304-2225 |

TOTAL: 56

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2022        Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 4, 2022 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Brian Nicholas | on behalf of Creditor NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com |
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| Kara Katherine Gendron | on behalf of Debtor 2 Stephanie Ann McVicker karagendronecf@gmail.com;doriemott@aol.com;bethsnyderecf@gmail.com;mottgendronecf@gmail.com;ecf.mottgendron@gmail.com;MottGendronLaw@jubileebk.net |
| Kara Katherine Gendron | on behalf of Debtor 1 David Allen McVicker Sr karagendronecf@gmail.com;doriemott@aol.com;bethsnyderecf@gmail.com;mottgendronecf@gmail.com;ecf.mottgendron@gmail.com;MottGendronLaw@jubileebk.net |

United States Trustee  ustpregion03.ha.ecf@usdoj.gov

TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>**DAVID ALLEN MCVICKER, SR**<br>aka David Allen McVicker<br>**STEPHANIE ANN MCVICKER**<br>fka Stephanie Ann Fogle<br>Debtor(s) | : : : : : : : : : : : : | **CHAPTER 13**<br><br>**CASE NO. 1:22-bk-01888**<br><br>☐ ORIGINAL PLAN<br><br>☒ 3rd AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.)<br><br>☐ 0 Number of Motions to Avoid Liens<br><br>☐ 0 Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $18,000.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2022 | 09/2027 | $300.00 | $ | | $18,000.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $18,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

    ☐ Debtor is over median income. Debtor calculates that a minimum of $0 must be paid to allowed unsecured creditors in order to comply with the Means Test.

  **B. Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
  ☒ No assets will be liquidated. If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.
  ☐ Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____.  All sales shall be completed by _____, 20\_\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:     Non-exempt proceeds from class action lawsuit, if any, re Phillips CPAP machine

**2. SECURED CLAIMS**
  **A. Pre-Confirmation Distributions.** *Check one.*
  ☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

☐ Adequate protection and conduit payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| **NONE** | | $ |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.
    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

    B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **LORI NEIDERER** | **2013 Dodge Journey SXT white (approx. 98,000 miles** | |
| **MR COOPER** | **214A John Street, Hanover, PA 17331 Commencing November, 2022** | 5314 |
| **PENN TOWNSHIP SEWER DEPARTMENT** | **214A John Street, Hanover, PA 17331** | 834-0 |

    C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **LORI NEIDERER** | **2013 Dodge Journey SXT white (approx. 98,000 miles** | Per allowed proof of claim $ estimated | | Per allowed proof of claim |

| | | | | |
|---|---|---|---|---|
| **MR COOPER** | 214A John Street, Hanover, PA 17331 | Per allowed proof of claim $32,661.00 estimated | $893 (approx.) October 2022 payment | Per allowed proof of claim. Debtors will seek loan modification to pay arrears within 9 months of confirmation or amend plan to cure arrears. |
| **PENN TOWNSHIP SEWER DEPARTMENT** | 214A John Street, Hanover, PA 17331 | Per allowed proof of claim $995.20 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **SANTANDER** | 2019 Kia Soul base white (approx. 1,750 miles) | | | Payment through plan of allowed secured claim |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

☐ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as

"$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| **NONE** | | | | | Plan |

**F. Surrender of Collateral**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **NONE** | |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

**3. PRIORITY CLAIMS.**
   **A. Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).
   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
   ☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   ☐ The following administrative claims will be paid in full

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

   **B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **PA DEPT OF REVENUE** | **$945.64** |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
    ☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

**4. UNSECURED CLAIMS**
    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*
    ☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

    ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| **NONE** | | | | |

    B.    All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*
    ☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| **NONE** | | $ | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

(1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
(2)  Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims unless a creditor files an allowed amended claim with sufficient evidence establishing that it is entitled to a deficiency portion of the claim.
(3) Part 1A of the Plan calculations for minimum payment to unsecured creditors includes unsecured claims, and administrative expenses/fees such as trustee's commission and attorney fees.
(4) Lien Releases.
   (a) Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand  execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor.  Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
   (b)  Real Property:  Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
(5)  Confirmation of this Plan shall not bar the Debtor from:
   (a) filing objections to any claims;
   (b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;
   (c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;
   (d) seeking a determination as to the dischargeability of any debt; or
   (e) selling any asset  free and clear of liens and encumbrances by motion or adversary.

(6) Direct payments under 2B subsection are not "provided for" under this plan and therefore shall not impact the Debtor's ability to receive a discharge.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


/s/ David Allen McVicker, Sr
Debtor


/s/ Stephanie Ann McVicker
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9